UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALFRED, CDCR #AL-8859,<br><br>Plaintiff,<br><br>vs.<br><br>M.C. WHITMAN, Captain; AMAT, Sergeant; D. GONZALES, Lieutenant; JAVIER ZAMORA, RN,<br><br>Defendants. | Civil No. 13cv1393 LAB (PCL)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES, FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS*, AND AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Plaintiff, a prisoner proceeding pro se, and currently incarcerated at Calipatria State Prison ("CAL") in Calipatria, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff claims that CAL officials violated his rights to due process, equal protection, access to the courts, and to be free from cruel and unusual punishment in December and January 2013. *See* Compl. [ECF Doc. No. 1] at 1, 3-5. Plaintiff seeks injunctive relief as well as punitive damages. *Id.* at 8.

///

## I. Failure to Pay Filing Fee and/or File Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, the case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Screening per 28 U.S.C. § 1915A(b)(1)

In addition, as amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A obligates the Court to review complaints filed by all persons, like Plaintiff, who are "incarcerated or detained in any facility [and] who [are] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," or any portion thereof, which is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).[2]

Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of a civil rights action he is already litigating in this

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[2] A similar screening provision would apply to Plaintiff's Complaint even if he successfully moved to proceed IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

1 Court.  The Complaint filed by Plaintiff in *Alfred v. Janda, et al.*, S. D. Cal. Civil Case No.
2 13cv0284 DMS (KSC) contains the same claims, occurring on the same dates, and arising out
3 of the same conduct, transaction, or occurrence as those again alleged in this case against two
4 of the same Defendants–Captain Whitman and Sergeant Amat.  A court "may take notice of
5 proceedings in other courts, both within and without the federal judicial system, if those
6 proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria*
7 *Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  A prisoner's complaint is
8 considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously
9 litigated claims."  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing
10 former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

11 On May 29, 2013, while Judge Sabraw granted Plaintiff leave to proceed IFP, denied his
12 motions for appointment of counsel and for a preliminary injunction, and dismissed his
13 Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), he
14 further provided Plaintiff 45 days leave in which to amend.  *See Alfred v. Janda, et al.*, S. D. Cal.
15 Civil Case No. 13cv0284 DMS (KSC) [ECF Doc. No. 13].  Plaintiff filed the Complaint in *this*
16 action on June 13, 2013, and while it repeats some of the same claims alleged in Judge Sabraw's
17 case, it also includes additional claims arising on a subsequent occasion against two additional
18 parties, is *not* captioned as an Amended Complaint, and it includes no reference to Plaintiff's
19 previously-assigned civil case title and number.  Therefore, while Plaintiff *may* have intended
20 his Complaint in this case to be filed as an Amended Complaint in *Alfred v. Janda, et al.*, S. D.
21 Cal. Civil Case No. 13cv0284 DMS (KSC), that is far from clear, and his time for amending in
22 his initial case has not yet elapsed.

23 Accordingly, to the extent a review of the Court's docket reveals that Plaintiff is currently
24 litigating some of the same claims presented in the instant action in Civil Case No. 13cv0284
25 DMS (KSC) against some of the same Defendants named here, this Court also DISMISSES
26 Civil Case No. 13cv1393 LAB (KSC) as duplicative pursuant to 28 U.S.C. § 1915A(b)(1).  *See*
27 *Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.
28 / / /

If Plaintiff indeed wishes to file an Amended Complaint in *Alfred v. Janda, et al.*, S. D. Cal. Civil Case No. 13cv0284 DMS (KSC) as permitted by Judge Sabraw, he must comply with Judge Sabraw's May 29, 2013 Order, be careful to caption his pleading as an "Amended Complaint," clearly identify it under Civil Case No. 13cv0284 DMS (KSC), and file it with the Clerk of the Court no later than *July 15, 2013*–which is within the 45-day window Judge Sabraw allowed.

### III.   Conclusion and Order

Good cause appearing, IT IS HEREBY ORDERED that Civil Case No. 13cv1393 LAB (PCL) is DISMISSED for failing to prepay filing fees pursuant to 28 U.S.C. § 1914(a), for failing to move to proceed IFP pursuant to 28 U.S.C. § 1915(a), and as duplicative pursuant to 28 U.S.C. § 1915A(b)(1). This dismissal shall operate without prejudice to Plaintiff's pursuit of the same claims presented herein, should he elect to include them in any Amended Complaint he may still intend to file in Civil Case No. 13cv0284 DMS (KSC).

The Clerk shall close the file.

DATED:  July 1, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge